IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CLENNIE MANNING,

            Petitioner,      :      Case No. 3:15-cv-006

  - vs -                            District Judge Walter Herbert Rice
                                       Magistrate Judge Michael R. Merz

WARDEN, Ross Correctional Institution,

                                    :

            Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Clennie Manning filed this case as a purported mandamus action to obtain relief from his confinement in Respondent's custody as a result of denial of parole by the Ohio Adult Parole Authority (Petition, Doc. No. 1). Because Manning is proceeding *pro se,* he is entitled to liberal construction of his pleadings. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). The Magistrate Judge therefore construed the Petition as seeking habeas corpus relief and ordered the Warden to answer (Doc. No. 2). The Warden filed an extensive state court record (Doc. No. 7) but also moved to dismiss the Petition for failing to state a claim cognizable in habeas corpus and as barred by the statute of limitations (Doc. No. 8). Manning has filed a timely Response in Opposition (Doc. No. 13) and the Motion is ripe for decision.

**Procedural History**

Manning was convicted of aggravated robbery in the Montgomery County Common Pleas

1

Court in 1990 and sentenced by Judge Robert Brown to a six to twenty-five year term of imprisonment (State Court Record, Doc. No. 7, PageID 23).  He was paroled January 19, 1999, (*Id.* PageID 114), but was declared a violator-at-large by the Adult Parole Authority on August 16, 1999. *Id.* at PageID 115.  Although he was restored to parole status in October, 1999, he was convicted in this Court of bank robbery in November 2000 and sentenced to forty months imprisonment; as a result he lost 1091 days and the new date for expiration of his sentence became October 13, 2018. *Id.* at PageID 128.  Since then Manning has been convicted of aggravated possession of drugs, attempted breaking and entering, aggravated robbery with a deadly weapon, and aggravated burglary with a deadly weapon.  Manning had a parole hearing on October 3, 2012, but was not released; the Parole Board continued his case for a next hearing on or about October 1, 2016.

## Analysis

Manning's claim is that he was sentenced on August 23, 2007, to a six-year term of confinement for his most recent convictions recited above, that that time has expired, and that he is therefore entitled to be released.  His Petition avers that, although he was convicted by a jury of the robbery, he had been found not guilty of that offense by the Adult Parole Authority ("APA") on March 14, 2007, while awaiting trial in the Common Pleas Court.  He asserts his lawyers told him that the APA could "never bring it up again, [because] it would be double jeopardy."  (Petition, Doc. No. 1, PageID 4.)

The decision of the Parole Board of which Manning complains is the result of a hearing on October 3, 2012 (State Court Record, Doc. No. 7, PageID 146).  That record shows that Manning

was denied release to parole, but not because of the August 2007 convictions.  Instead, the Parole Board found:

> Inmate returned to prison for his 4th institutional number and has a federal detainer for another conviction. Since his return he has committed 5 serious institutional rule infractions that have all resulted in disciplinary segregations and security level increases. He also committed 22 other rule violations that did not result in segregations. He has completed some relevant programs but he has not demonstrated positive offender change by continuing to make poor decisions and engaging in misconduct. He can verbalize a desire to make better choices but he can't seem to make them. Consequently, he is not suitable for release at this time.

Nothing in the Parole Board decision indicates it is based on the August 2007 convictions, but rather on Manning's conduct during his imprisonment for those convictions.  Thus even assuming a parole board was barred by the Double Jeopardy Clause or some cognate analysis under the Due Process Clause from imposing a parole denial on the basis of conduct for which the offender had been previously found not guilty by the Parole Board, that is not what happened here.  The fact that Manning's "flat" time for the 2007 convictions has expired does not entitle him to release on his 6-25 year sentence for the 1990 aggravated robbery.  Thus as argued by Respondent, Manning has not pled a claim upon which habeas corpus relief can be granted.  That is, he has not pled that he is being confined in violation of the United States Constitution because his sentence has not expired.

Respondent's statute of limitations defense is also well taken.  Manning asserts "there is no statute of limitations on the Constitution of the United States of America or on the rights guaranteed by it to citizens of the United States." (Response, Doc. No. 13, PageID 177.)  However, there is a statute of limitations on bringing a habeas corpus petition to get relief from an asserted violation of the Constitution.  That statute is 28 U.S.C. § 2244(d)(1) which imposes a

3

one-year limitation. There had not been a statute of limitations on habeas corpus actions until Congress adopted the Antiterrorism and Effective Death Penalty Act of 1996 which made § 2244(d)(1) part of the law.

The decision of which Manning complains is the October 3, 2012, Parole Board Decision. This action was not filed until January 7, 2015, more than two years later. Therefore it is barred by the statute of limitations.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

April 6, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).